| United States District Court | Southern District of Texas |
|---|---|

| | |
|---|---|
| Shipping Company Castel Braz N.V., *et al.*, § § Plaintiffs, § § *versus* § § Wartsila North America, Inc., *et al.*, § § Defendants. § | Civil Action H-08-1217 |

## Summary Conclusions

1.  *Introduction.*

    A ship owner contracted with an American subsidiary of a Finnish shipyard to fix a ship's engine. At the owner's request, the Taiwanese sister-subsidiary did the work. After the repairs, exhaust began to leak. The owner sued the American subsidiary and its Taiwanese affiliate for negligence. This relationship is governed by an express contract— not tort law. Because the owner did not notify the shipyard during the time allowed under the contract, it will lose. At the bench trial, no fact was identified as disputed that would have affected these conclusions.

2.  *Background.*

    Shipping Company Castel Braz, N.V., and Dammer Shipmanagement – collectively, Castel Braz, own the fishing vessel, *Castel Braz*. In 2004, Castel Braz and Wartsila North America, Inc., contracted for repairs to the vessel. With Castel Braz's concurrence, Wartsila delegated the work to its affiliate, Wartsila Taiwan. Wartsila served the ship's engine in late 2004 and early 2005. Although Castel Braz says that the abnormal exhaust leaks started only weeks after the repair, it did not tell Wartsila about the exhaust problem until October 30, 2005 – eight months after Wartsila Taiwan completed its work. It did not report an engine problem until eleven months after the work.

3.  *The Contract.*

The claims about the malfunction of the ship's exhaust system in 2005 are covered by the contract between Castel Braz and Wartsila North America. Castel Braz has no claims for negligence, strict liability, or other warranty not in this contract.

The parties have stipulated that Castel Braz received Wartsila's terms and conditions for the repairs. This contract limited damages for breach of workmanlike performance to $50,000 and repair and replacement. This express warranty superceded all other warranties.

To recover under the warranty, Castel Braz would have had to claim within six months of the delivery of the defective parts or service. Castel Braz did not notify Wartsila North America of its exhaust leak or other problems until two months after the six-month limit. Castel Braz cannot prevail under the contract.

4.  *Taiwan.*

Castel Braz says that Wartsila Taiwan is liable to it for breach of workmanlike performance and that Warsila Taiwan is not shielded by the express warranty. First, Castel Braz has no standing to sue Wartsila Taiwan. It did not contract with Wartsila Taiwan. It contracted with Wartsila North America for the work and agreed that Wartsila North America subcontract the work to Wartsila Taiwan to lower its costs. Wartsila North America and Wartsila Taiwan did not embody their agreement in a formal document; they did not have to. Wartsila Taiwan was obliged only to Wartsila North America. Castel Braz's benefit from that subcontract was incidental. *See Henry House v. Houston Water Works Co.*, 31 S.W. 179, 179-180 (Tex. 1895).

Alternately, if Wartsila North American delegated its performance to Wartsila Taiwan, Taiwan would have both the responsibilities and the protections of North America's contract with Castel Braz. Castel Braz could then sue either Wartsila entity, but the liability would be limited to $50,000.

5. *Conclusion.*

The contract for repairs between the parties governs Castel Braz's claims about its ship's engine. Because it did not notify Wartsila North America within the limit imposed by the contract's express warranty, Castel Braz will take nothing from Wartsila North America. Because it either has no standing or is barred by the contract, Castel Braz will take nothing from Wartsila Taiwan.

Signed on March 5, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge